E-FILED
Wednesday, 28 November, 2018 03:38:10 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| AUSTIN DUNLOP, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) No.: 18-cv-4136-MMM |
| | ) |
| GERALD BUSTOS, et al., | ) |
| | ) |
| Defendants. | ) |

**MERIT REVIEW – AMENDED COMPLAINT**

Plaintiff, proceeding *pro se*, pursues a § 1983 action alleging inhumane conditions of confinement at the Rock Island County Jail ("Jail"). Plaintiff filed [ECF 7], a Motion for leave to amend while his original complaint was awaiting merit review. Plaintiff's motion is granted as the Court undertakes a merit review of the amended complaint pursuant to 28 U.S.C. § 1915A. Plaintiff has disclosed his litigation history in his complaint and the Court notes that since this filing, Plaintiff has had two cases dismissed and assessed strikes under 28 U.S.C. § 1915(g). *See Dunlop v. Watt*, No. 18-4113 (C.D.Ill Aug 3, 2018) and *Dunlp v. Bustos*, No. 18-4117 (C.D.Ill. July 23, 2018). Plaintiff is placed on notice that going forward, he must disclose these strikes in any new filing.

In reviewing the amended complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-

defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

Plaintiff asserts that he has not been provided adequate recreation at the Jail, identifying July 5, 2018 and July 16, 2018 as the dates of occurrence. Plaintiff reveals, however, that he has been held at the Jail, and subject to these conditions, for for 2 ½ years. The Court has reviewed the complaint as asserting that the conditions have prevailed during all of Plaintiff's time there, as the significance of the July 5 and July 16 dates is unclear.

Plaintiff names Sheriff Bustos and five Jail Officers, asserting that "when inmates use the dayroom provided to do work out exercise sessions we are told to stop" and are threatened with segregation if they do not. Plaintiff complains that he has "no outside recreation or Gymnasium to properly workout." He claims that inmates are instructed to work out in the dorm where they live, but when they do so they are punished with segregation. Plaintiff claims that all Defendants are aware of the violations, as he has sent written grievances of the matter to Administration. He makes the additional claim that inmates are not given the opportunity to work towards a GED, a high school diploma equivalency.

## ANALYSIS

As Plaintiff was a pretrial detainee during the events at issue, his claim is reviewed under the Due Process Clause of the Fourteenth Amendment, rather than the Cruel and Unusual Punishments Clause of the Eighth Amendment. *Darnell v. Pineiro*, 849 F.3d 17 (2nd Cir. 2017). Under the Fourteenth Amendment standard, a pretrial detainee need establish only that the defendant's conduct was objectively unreasonable, not that defendant was subjectively aware that it was unreasonable. *Miranda v. County of Lake*, 900 F.3d 335, 2018 WL 3796482, at *9 (7th Cir. 2018). In other words, that defendant "knew, or should have known, that the condition

2

posed an excessive risk to health or safety" and "failed to act with reasonable care to mitigate the risk." *Darnell*, 849 F.3d at 35. This standard is higher than that required to prove negligence, or even gross negligence and is "akin to reckless disregard." *Miranda*, 2018 WL 3796482, at *12.

Plaintiff's allegations as to the conditions of confinement will not rise to the level of a constitutional violation unless "unquestioned and serious" and contrary to "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Mere discomfort and inconvenience will not implicate the Constitution. *Caldwell v. Miller*, 790 F.2d 589, 600-01 (7th Cir.1986).

Plaintiff complaint that he has no gymnasium or outside recreation fails to state a claim. *See Smith v. Dart*, 803 F.3d 304, 313 (7th Cir. 2015). "[T]here is a significant difference between a lack of outdoor recreation and an inability to exercise. [Plaintiff] does not allege that his movements are restricted to the point that he is unable to exercise inside his cell or in jail common areas and…fails to state a sufficiently serious constitutional deprivation." The claim that inmates' work out sessions in the dayroom are interrupted appears to assert a constitutional right to participate in group exercise. This, too, fails to state a claim. The only claim which remains potentially viable is that Plaintiff was not allowed to work out in the dorm where he lives. *See Id.* (discussing that the inability to exercise in a cell or jail common areas might reach the level of a constitutional violation). It is unclear, however, whether Plaintiff is claiming that he is prevented from exercising in a particular area of the dorm, or whether he is claiming to be unable to exercise in his cell. If Plaintiff files a second amended complaint, he is to clarify this.

While this claim might otherwise go forward, Plaintiff has failed to allege that he was harmed by the alleged lack of recreation. *See Thomas v. Illinois*, 697 F.3d 612, 614 (7th Cir. 2012) (a § 1983 claim for money damages must allege an actual injury). *See also Budd v.Motley*,

3

711 F.3d 840, 843 (7th Cir. 2013) (plaintiff must allege some cognizable harm, whether physical or psychological.) *Antonelli v. Sheahan*, 81 F.3d 1422, 1432 (7th Cir. 1996) ("[l]ack of exercise may rise to a constitutional violation…[if] the inmate's health is threatened.") Plaintiff generally asserts that regular exercise is necessary for physical and mental well-being but does not identify any detriment to his physical or mental well-being. As a result, Plaintiff fails to allege that the inability to exercise in the dorm caused him injury. This claim is DISMISSED, though he will be given an opportunity to replead.

Plaintiff is advised that if he repleads, he is to identify those particular Defendants who prevented him from exercising in the dorm. A plaintiff must plead that each defendant, "through his own individual actions, has violated the Constitution." *Ashcroft,* 556 U.S. 662. Plaintiff must, therefore, describe how each defendant in this case personally participated in the alleged constitutional violations. Plaintiff is also advised that he must plead particularly to himself, identifying the particular circumstances which apply to him, not those which apply to other inmates.

As noted, Plaintiff also complains of the lack of educational opportunities and lack of access to a GED program. There is, however, no constitutional right to such educational opportunities. *See Garza v. Miller*, 688 F.2d 480, 485 (7th Cir. 1982); *Zimmerman v. Tribble*, 226 F.3d 568, 571 (7th Cir. 2000), citing *Higgason v. Farley,* 83 F.3d 807, 809 (7th Cir.1996) ("the denial of access to educational programs does not infringe on a protected liberty interest.") This claim is DISMISSED with prejudice.

**IT IS THEREFORE ORDERED:**

1) Plaintiff's Motion for Leave to file an amended complaint [7], is GRANTED. The Clerk is directed to file the Amended Complaint and vacate the prior merit review deadline.

2) Plaintiff's complaint is dismissed in its entirety. Plaintiff will have 21 days in which to file a second amended complaint as to the alleged lack of recreation in the dorm, consistent with this order. The amended complaint is to be captioned "Second Amended Complaint" and is to include all of Plaintiff's claims, without reference to a prior pleading. Failure to file the amended complaint will result in the dismissal of this action.

3) Plaintiff is advised that in all future filings he is to disclose the strikes assessed in *Dunlop v. Watt*, No. 18-4113 (C.D.Ill Aug 3, 2018) and *Dunlop v. Bustos*, No. 18-4117 (C.D.Ill. July 23, 2018), as well as any future strikes which might be assessed.

4) Plaintiff files [ECF 4], a motion for recruitment of *pro bono* counsel but does not indicate that he attempted to secure counsel on his own. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). [ECF 4] is DENIED. In the event that Plaintiff renews his motion for appointment of counsel, he is to provide copies of the letters sent to, and received from, prospective counsel.

5) Plaintiff's Motion for Status [ECF 8] is rendered MOOT by this order.

11/28/2018　　　　　　　　　　　　　　　s/ Michael M. Mihm
ENTERED　　　　　　　　　　　　　　　MICHAEL M. MIHM
　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE