E-FILED
Tuesday, 14 May, 2019 03:54:08 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| AUSTIN DUNLOP, | ) | |
| Plaintiff, | ) | |
| v. | ) | No.: 18-cv-4136-MMM |
| | ) | |
| GERALD BUSTOS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MERIT REVIEW – SECOND AMENDED COMPLAINT**

Plaintiff, proceeding *pro se*, files a Second Amended Complaint under § 1983 action alleging inhumane conditions of confinement at the Rock Island County Jail ("Jail"). The Court had previously conducted a merit review of Plaintiff's amended complaint where it noted that Plaintiff had been assessed a strike in *Dunlop v. Watt*, No. 18-4113 (C.D.Ill Aug 3, 2018) and *Dunlop v. Bustos*, No. 18- 4117 (C.D.Ill. July 23, 2018). Plaintiff was told that he was to disclose these strikes in any new filings. Despite this warning, Plaintiff filed this second amended complaint without the disclosure. Plaintiff is notified that any future failure to reveal the strikes could result in the dismissal of his claims.

In reviewing the Second Amended Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

Plaintiff reveals that he is mentally ill and has been advised by medical staff to engage in regular exercise. He complains, however, that he is not given adequate exercise opportunities at the Jail as, while the Jail has an indoor gymnasium, inmates are not allowed to use it. Instead, they must exercise on the dorms where they are housed. Plaintiff complains, that it is difficult to exercise on the dorm as there are 15 other inmates there and it is crowded.

While Plaintiff might also exercise in his cell, he claims that these opportunities are limited. Plaintiff explains that inmates are required to leave their cells for 7:00 a.m. breakfast and not allowed back until 10:30 a.m. during the week and 11:30 a.m. on weekends. They are back in their cells for only 15 minutes when they have to leave for lunch. Inmates are not allowed back to their cells until 2:30 p.m. at which time they are locked in so the dorm can be cleaned. Plaintiff indicates that inmates remain in their cells from 2:30 p.m. to 4:00 p.m. when they are "forced" to leave their cells for dinner. Inmates are not allowed to return to their cells until lock-up at 9:45 p.m.

Plaintiff claims that Sheriff Bustos and four Jail Officers have been "negligent" in not allowing him adequate exercise opportunities. He asserts in conclusory fashion that his mental health and general health problems have worsened because his "movement is restricted beyond reasonable measures." Plaintiff requests $2 million in damages.

**ANALYSIS**

As Plaintiff is a pretrial detainee, his claim is reviewed under the Due Process Clause of the Fourteenth Amendment, rather than the Cruel and Unusual Punishments Clause of the Eighth Amendment. *Darnell v. Pineiro*, 849 F.3d 17 (2nd Cir. 2017). Under the Fourteenth Amendment standard, a pretrial detainee need establish only that the defendant's conduct was objectively unreasonable, not that defendant was subjectively aware that it was unreasonable.

*Miranda v. County of Lake*, 900 F.3d 335, 2018 WL 3796482, at *9 (7th Cir. 2018). In other words, that defendant "knew, or should have known, that the condition posed an excessive risk to health or safety" and "failed to act with reasonable care to mitigate the risk." *Darnell*, 849 F.3d at 35. This standard is higher than that required to prove negligence, or even gross negligence and is "akin to reckless disregard." *Miranda*, 2018 WL 3796482, at *12.

Plaintiff's allegations as to the conditions of confinement will not rise to the level of a constitutional violation unless "unquestioned and serious" and contrary to "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Mere discomfort and inconvenience will not implicate the Constitution. *Caldwell v. Miller*, 790 F.2d 589, 600-01 (7th Cir.1986). *Antonelli v. Sheahan*, 81 F.3d 1422, 1432 (7th Cir. 1996) ("[l]ack of exercise may rise to a constitutional violation in extreme and prolonged situations where movement is denied to the point that the inmate's health is threatened."); *Smith v. Dart*, 803 F.3d 304, 313 (7th Cir. 2015) (no constitutional violation where plaintiff could exercise in cell and common areas). *See also, French v. Owens*, 777 F.2d 1250, 1256 (7th Cir. 1985) ("[n]or can we call it a 'wanton and unnecessary infliction of pain' to have to exercise in cramped quarters.")

Plaintiff was advised in the Court's merit review of the amended complaint that in order to state a claim, he needed to establish that he was unable to exercise in his cell or in common areas. Here, Plaintiff has hours throughout the day in which he can exercise in the dorm. While he claims that the dorm is "crowded" he gives no further detail and does not assert that it renders exercise impossible. In addition, Plaintiff has an opportunity to exercise in his cell before breakfast, in the evening after lockup, and from 2:30 to 4:00 each afternoon.

Here, Plaintiff fails to establish that the limits placed on his daily exercise raises to the level of a constitutional violation. Plaintiff, in fact, pleads his claim as one of negligence. *See*

3

*Milton v. Slota*, 697 Fed. Appx. 462, 464 (7th Cir. 2017) (emphasis in original). "But *negligently* inflicted harm does not amount to a constitutional violation*.*" *See also*, *Davis v. Wessel*, 792 F.3d 793, 801 (7th Cir. 2015).

Even if Plaintiff had made a showing akin to deliberate indifference, he fails to identify an injury where he makes only conclusory allegations that his mental health and general health problems have worsened for lack of exercise opportunities. The Court clearly instructed Plaintiff in the merit review of the amended complaint that he was to identify any physical injury he suffered from the limits placed on his exercise. Plaintiff's vague and unsubstantiated claims fail to plead that he has suffered harm due to lack of exercise. *See Thomas v. Illinois*, 697 F.3d 612, 614 (7th Cir. 2012) (a § 1983 claim for money damages must allege an actual injury). *See als,o Budd v.Motley*, 711 F.3d 840, 843 (7th Cir. 2013) (plaintiff must allege some cognizable harm, whether physical or psychological.) *Antonelli v. Sheahan*, 81 F.3d at 1432 ("[l]ack of exercise may rise to a constitutional violation…[if] the inmate's health is threatened.")

**IT IS THEREFORE ORDERED:**

1) Plaintiff's Second Amended Complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Any amendment to the Complaint would be futile because Plaintiff cannot plead a § 1983 claim under these facts. This case is therefore closed. The clerk is directed to enter a judgment pursuant to Fed. R. Civ. P. 58.

2) This dismissal shall count as one of the plaintiff's three allotted "strikes" pursuant to 28 U.S.C. Section 1915(g). The Clerk of the Court is directed to record Plaintiff's strike in the three-strike log. The court notes that the plaintiff has now accumulated three

strikes and must pay the filing fee in full for any future §1983 litigation concerning prison conditions unless he can demonstrate that he is in imminent danger of serious physical injury. See 28 U.S.C. §1915(g). Plaintiff must disclose his 3-strike status in all future filings.

    3)    Plaintiff must still pay the full docketing fee of $350 even though his case has been dismissed. The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk of Court, as directed in the Court's prior order.

    4)    If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

 5/14/2019  
ENTERED:                                                    s/ Michael M. Mihm  
                                                                          MICHAEL M. MIHM  
                                                                  UNITED STATES DISTRICT JUDGE